Nationstar Mtge., LLC v Shivers (2020 NY Slip Op 00419)





Nationstar Mtge., LLC v Shivers


2020 NY Slip Op 00419


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-13279
 (Index No. 9719/13)

[*1]Nationstar Mortgage, LLC, appellant, 
v
Peter D. Shivers, etc., respondent, et al., defendants.


Shapiro, DiCaro & Barak, LLC, Rochester, NY (Austin T. Shufelt of counsel), for appellant.
Peter D. Shivers, Brooklyn, NY, respondent pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated October 20, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Peter D. Shivers and for an order of reference, and granted that branch of that defendant's cross motion which was, in effect, to compel discovery to the extent of setting the matter down for a discovery conference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Peter D. Shivers and for an order of reference are granted, and that branch of that defendant's cross motion which was, in effect, to compel discovery is denied.
In May 2013, the plaintiff commenced this action against the defendant Peter D. Shivers (hereinafter the defendant), among others, to foreclose a mortgage on residential property in Brooklyn. The defendant interposed an answer in which he asserted as an affirmative defense that the plaintiff lacked standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved, inter alia, in effect, to compel discovery. The Supreme Court denied those branches of the plaintiff's motion and granted that branch of the defendant's cross motion which was, in effect, to compel discovery to the extent of setting the matter down for a discovery conference. The plaintiff appeals.
Contrary to the defendant's contention, there is no basis in the record on which to dismiss the plaintiff's appeal as untimely taken (see CPLR 5513[a]; Deutsche Bank Natl. Trust Co. v James, 164 AD3d 467, 468-469).
Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871). In addition, where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see JPMorgan Chase Bank, N.A. v Grennan, 175 [*2]AD3d 1513; JPMorgan Chase Bank, N.A. v Rosa, 169 AD3d 887, 889; U.S. Bank N.A. v Greenberg, 168 AD3d 893, 894). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Nationstar Mtge., LLC v Rodriguez, 166 AD3d 990, 992; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Nationstar Mtge., LLC v Rodriguez, 166 AD3d at 992 [internal quotation marks omitted]; see Central Mtge. Co. v Jahnsen, 150 AD3d at 663).
Here, the plaintiff established, prima facie, its standing by demonstrating that the original note was in its possession when it commenced the action, as evidenced by the attachment of a copy of the original note, endorsed in blank, to the summons and complaint when the action was commenced (see Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872; U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff had standing (see JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Further, while the court may deny a motion for summary judgment if it appears from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated (see Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828-829), the defendant failed to provide the necessary evidentiary basis suggesting that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the plaintiff (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 558).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and should have denied that branch of the defendant's cross motion which was, in effect, to compel discovery.
DILLON, J.P., BALKIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court