Citimortgage, Inc. v Awodoye (2020 NY Slip Op 05182)





Citimortgage, Inc. v Awodoye


2020 NY Slip Op 05182


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2019-09975
 (Index No. 500254/15)

[*1]Citimortgage, Inc., respondent, 
v
Mary Awodoye, appellant, et al., defendants.


Grace Nwachukwu, Brooklyn, NY, for appellant.
Akerman LLP, New York, NY (Ashley S. Miller and Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mary Awodoye appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Noach Dear, J.), dated July 16, 2019. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated March 21, 2017, inter alia, granting the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant Mary Awodoye and for an order of reference and denying that defendant's cross motion to dismiss the complaint insofar as asserted against her, granted the plaintiff's motion to confirm the report of the referee, and directed the sale of the subject premises.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In January 2015, the plaintiff, Citimortgage, Inc., commenced this action to foreclose a mortgage against the defendant Mary Awodoye (hereinafter the defendant) and others. The defendant answered the complaint, asserting various affirmative defenses and counterclaims.
After issue was joined, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her affirmative defenses and counterclaims, and for an order of reference. The defendant opposed the motion and cross-moved to dismiss the complaint insofar as asserted against her. In two orders, both dated March 21, 2017, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The same court subsequently entered an order and judgment of foreclosure and sale, from which the defendant now appeals.
Contrary to the defendant's contention, the plaintiff established, prima facie, its standing by demonstrating that the original note was in its possession when the action was commenced, as evidenced by its attachment of a copy of the original note, indorsed in blank, to the summons and complaint (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872). The defendant, in opposition, failed to raise a triable issue of fact.
Moreover, the evidence submitted by the plaintiff established, prima facie, that it complied with the 90-day notice requirement of RPAPL 1304 (see U.S. Bank N.A. v Bochicchio, 179 AD3d 1133; Pennymac Holdings, LLC v Lane, 171 AD3d 774, 775), as well as the notice requirements of the mortgage documents (see CitiMortgage, Inc. v Goldberg, 179 AD3d 1006; Pennymac Holdings, LLC v Lane, 171 AD3d at 775). The defendant, in opposition, failed to raise a triable issue of fact.
The defendant's remaining contentions are without merit.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court