Wells Fargo Bank, N.A. v Quinche (2020 NY Slip Op 08108)





Wells Fargo Bank, N.A. v Quinche


2020 NY Slip Op 08108


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-03591 
2018-03592
 (Index No. 30832/13)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Ruth Quinche, appellant, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellant.
Woods Oviatt Gilman LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph S. Jacobs], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ruth Quinche appeals from two orders of the Supreme Court, Suffolk County (C. Randall Hinrichs, J.), both dated October 30, 2017. The first order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference. The second order granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the orders are affirmed, with costs.
In November 2013, the plaintiff commenced this action to foreclose a mortgage encumbering certain residential real property owned by the defendant Ruth Quinche (hereinafter the defendant). The defendant asserted as affirmative defenses, inter alia, that the plaintiff failed to serve her with a notice of default and failed to comply with RPAPL 1304. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The Supreme Court granted the motion and the defendant appeals. We affirm.
"'[P]roper service of RPAPL 1304 notice on the borrower . . . is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition'" (Nationstar Mtge., LLC v Durane-Bolivard, 175 AD3d 1308, 1309, quoting Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882). RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663; see RPAPL 1304[2]). "'Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant [*2]signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank, N.A. v Ahmed, 174 AD3d at 663, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it complied with the 90-day notice requirement of RPAPL 1304 (see HSBC Bank USA, N.A. v Bermudez, 175 AD3d at 670; Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126, 1127; Citimortgage, Inc. v Wallach, 163 AD3d 520, 521). The plaintiff submitted an affidavit of mailing of Jeremiah Herberg, its Vice President of Loan Documentation. Herberg averred that the 90-day notice was mailed to the defendant by both certified mail and first-class mail, and that such mailings were memorialized in the plaintiff's records pursuant to a standard mailing procedure. Herberg averred, based upon a review of books and records maintained by the plaintiff in the regular course of business, that the aforementioned notices were sent, and annexed a copy of the business records he reviewed (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). In opposition to the plaintiff's prima facie showing of compliance with RPAPL 1304, the defendant failed to raise a triable issue of fact (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786).
The defendant's contention that the plaintiff's motion should have been denied because the plaintiff failed to serve her with a notice of default prior to accelerating the debt is without merit, as the mortgage agreement expressly provides that the plaintiff was not required to give notice of any breach (see Home Fed. Sav. Bank v Sayegh, 250 AD2d 646, 647).
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court