AXIOM Bank v Dutan (2021 NY Slip Op 00141)





AXIOM Bank v Dutan


2021 NY Slip Op 00141


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-02375
2020-00284
 (Index No. 705663/17)

[*1]AXIOM Bank, etc., respondent, 
v
Rodrigo Dutan, et al., appellants, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis Oster of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a consolidated mortgage, the defendants Rodrigo Dutan and Cecilia Uruchima appeal from (1) an order of the Supreme Court, Queens County (Salvatore Modica, J.), entered December 10, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered December 30, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Rodrigo Dutan and Cecilia Uruchima and for an order of reference, and denied those defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The plaintiff commenced this action to foreclose a consolidated mortgage on real property owned by the defendants Rodrigo Dutan and Cecilia Uruchima (hereinafter together the defendants). The consolidated mortgage secured a consolidated note executed by the defendants, in which they promised to repay loans in the total amount of $593,979. In their separate pro se answers to the complaint, the defendants raised several affirmative defenses, including failure to comply with the notice provisions of the consolidated mortgage as well as RPAPL 1304. [*2]Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order entered December 10, 2018, the Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The court thereafter entered an order and judgment of foreclosure and sale, among other things, directing the sale of the subject property. The defendants appeal.
We agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denying the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. "[I]n a residential [mortgage] foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating . . . its strict compliance with RPAPL 1304" (Everbank v Greisman, 180 AD3d 758, 759 [internal quotation marks omitted]). RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20-21 [internal quotation marks omitted]). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see also Everbank v Greisman, 180 AD3d at 760; U.S. Bank N.A. v Henderson, 163 AD3d 601, 602). A notice of default need only substantially comply with the terms of the mortgage (see CitiMortgage, Inc. v Goldberg, 179 AD3d 1006, 1008; Hudson City Sav. Bank v Friedman, 146 AD3d 757, 758).
Here, contrary to the defendants' contentions, the plaintiff established, prima facie, its strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Bochicchio, 179 AD3d 1133, 1136; HSBC Bank USA, N.A. v Ozcan 154 AD3d 822, 827), and that it substantially complied with paragraph 22 of the consolidated mortgage, which required service of a specified default notice as a condition precedent to acceleration of the loan (see CitiMortgage, Inc. v Goldberg, 179 AD3d at 1007-1008; Indymac Bank, F.S.B. v Kamen, 68 AD3d 931; see generally Wachovia Bank, N.A. v Carcano, 106 AD3d 724). In opposition, the defendants failed to raise a triable issue of fact, and their bare denials of receipt were insufficient to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them (see U.S. Bank N.A. v Bochicchio, 179 AD3d at 1137; HSBC Bank USA, N.A. v Ozcan, 154 AD3d at 828).
The parties' remaining contentions either are without merit or need not be considered in light of our determination.
Accordingly, the order and judgment of foreclosure and sale should be affirmed.
MASTRO, A.P.J., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court