Wells Fargo Bank, N.A. v Benitez (2021 NY Slip Op 03211)





Wells Fargo Bank, N.A. v Benitez


2021 NY Slip Op 03211


Decided on May 19, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-03006
 (Index No. 15433/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Veronica Benitez, etc., appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Shapiro, DiCaro & Barak, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Veronica Benitez appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas Whelan, J.), dated November 20, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated December 10, 2017, granting the plaintiff's motion, inter alia, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, which had been denied in an order of the same court (Daniel Martin, J.) dated December 14, 2016, and, upon renewal, in effect, vacating the determination in the order dated December 14, 2016, denying those branches of the prior motion, and thereupon granting those branches of the prior motion, among other things, directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On August 20, 2007, the subject mortgage was executed by the defendant Veronica Benitez (hereinafter the defendant) in favor of AmTrust Bank to secure a promissory note executed on the same day in the principal sum of $358,500. The note (hereinafter the eNote) was signed by electronic signature. The defendant allegedly defaulted by failing to make the payment due as of August 1, 2010, and all payments thereafter.
In June 2013, the plaintiff commenced this action to foreclose the subject mortgage. The defendant interposed an answer asserting various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated December 14, 2016, the Supreme Court, among other things, denied those branches of the plaintiff's motion, with leave to renew. The plaintiff then moved, inter alia, for leave to renew those branches of its prior motion. In an order dated December 10, 2017, the court granted the plaintiff's motion for leave to renew and, upon renewal, among other things, granted those branches of the plaintiff's prior motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. An order and judgment of foreclosure and sale dated November 20, 2018, was entered, inter alia, directing the sale of the subject property. The defendant appeals.
Contrary to the defendant's contention, the evidence submitted by the plaintiff was sufficient to establish the plaintiff's standing as the holder of the eNote (see New York Community Bank v McClendon, 138 AD3d 805, 807).
Moreover, the plaintiff demonstrated, prima facie, that it complied with the 90-day notice requirement of RPAPL 1304 through the affidavit of Jeremiah Herberg, its vice president of loan documentation, and certain documentation attached thereto. Herberg indicated that the 90-day notices were mailed by an entity known as Walz Group, Inc. (hereinafter Walz Group). Further, Herberg explained that the plaintiff used the Walz Group system to "process, send, and track" the 90-day notices, and that Walz Group's records were incorporated into the plaintiff's own records and routinely relied upon by the plaintiff in the course of its regular business (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210; cf. U.S. Bank, N.A. v Onuogu, 188 AD3d 756, 757-758). In opposition, the defendant failed to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Quinche, 189 AD3d 1671, 1673).
The defendant's remaining contentions are without merit.
RIVERA, J.P., CHAMBERS, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court