Bank of N.Y. Mellon v Pigott (2021 NY Slip Op 06667)





Bank of N.Y. Mellon v Pigott


2021 NY Slip Op 06667


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-04810
2019-04812
2019-07197
 (Index No. 605930/18)

[*1]Bank of New York Mellon, etc., respondent,
v
David Pigott, etc., et al., appellants, et al., defendants.


Gerald M. Pigott, Bethpage, NY, for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants David Pigott and Teresa R. Pigott appeal from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 23, 2019, (2) an order of the same court entered January 30, 2019, and (3) an order of the same court, also entered January 30, 2019. The order entered January 23, 2019, denied the motion of the defendants David Pigott and Teresa R. Pigott pursuant to CPLR 3124 to compel the plaintiff to comply with their discovery demands, or, in the alternative, pursuant to CPLR 3126 to strike the complaint on the ground that the plaintiff failed to comply with their discovery demands. The first order entered January 30, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answers and counterclaims, and for an order of reference. The second order entered January 30, 2019, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff.
ORDERED that the order entered January 23, 2019, is affirmed; and it is further,
ORDERED that the orders entered January 30, 2019, are affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2018, the plaintiff commenced this action against the defendants David Pigott and Teresa R. Pigott (hereinafter together the defendants), among others, to foreclose a mortgage encumbering certain real property in Bethpage. The defendants interposed separate answers asserting various affirmative defenses, including lack of standing, and counterclaims for attorneys' fees. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers and counterclaims, and for an order of reference. The defendants opposed the motion. The defendants also separately moved pursuant to CPLR 3124 to compel the plaintiff to comply with their discovery demands, or, in the alternative, [*2]pursuant to CPLR 3126 to strike the complaint on the ground that the plaintiff failed to comply with their discovery demands.
In an order entered January 23, 2019, the Supreme Court denied the defendants' motion, inter alia, to compel discovery. Thereafter, in an order entered January 30, 2019, the court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers and counterclaims, and for an order of reference. In a second order, also entered January 30, 2019, the court, inter alia, granted the same relief to the plaintiff and referred the matter to a referee to compute the amount due to the plaintiff. The defendants appeal.
At the outset, the Supreme Court properly denied the defendants' motion, inter alia, to compel discovery, as they failed to show that discovery might lead to relevant evidence (see Wells Fargo Bank, N.A. v Gonzalez, 174 AD3d 555, 558).
On the issue of summary judgment, generally, in order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 872). Additionally, where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see Nationstar Mtge., LLC v Shivers, 179 AD3d at 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).
Here, in support of its motion, the plaintiff submitted the note, the mortgage, and the affidavit of an employee of its loan servicer who attested to the defendants' default in payment. The plaintiff demonstrated, prima facie, its standing to commence the action, by showing that it attached the note, endorsed in blank, to the summons and complaint at the time the action was commenced (see Nationstar Mtge., LLC v Shivers, 179 AD3d at 933; Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872). In opposition, the defendants failed to raise a triable issue of fact (see Nationstar Mtge., LLC v Shivers, 179 AD3d at 933).
Contrary to the defendants' contention, the plaintiff also established, prima facie, its strict compliance with RPAPL 1304 (see Wells Fargo Bank, N.A., v Benitez, 194 AD3d 986, 987-988; U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918, 920), and paragraph 22 of the mortgage, which required service of a specified default notice as a condition precedent to acceleration of the loan (see U.S. Bank N.A. v Kropp-Somoza, 191 AD3d at 920; AXIOM Bank v Dutan, 190 AD3d 672, 674). In opposition, the defendants failed to raise a triable issue of fact (see AXIOM Bank v Dutan, 190 AD3d 672; Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786).
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers and counterclaims, and for an order of reference.
AUSTIN, J.P., HINDS-RADIX, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court