MTGLQ Invs., L.P. v Rashid (2023 NY Slip Op 00859)

MTGLQ Invs., L.P. v Rashid

2023 NY Slip Op 00859

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-01284
 (Index No. 713384/15)

[*1]MTGLQ Investors, L.P., respondent,
v
Fawad Rashid, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Friedman Vartolo LLP (Ronald P. Labeck and Oran Schwager of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Fawad Rashid appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), dated December 4, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Fawad Rashid, to strike that defendant's answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Fawad Rashid, to strike that defendant's answer, and for an order of reference are denied.
In or about December 2015, the plaintiff's predecessor in interest commenced this mortgage foreclosure action against the defendant Fawad Rashid (hereinafter the defendant), among others. After the defendant interposed an answer, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion. By order dated December 4, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendant appeals.
To establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default (see Bank of N.Y. Mellon v Pigott, 200 AD3d 633, 635; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). The plaintiff has the burden of establishing, by evidence in admissible form, its prima facie entitlement to judgment as a matter of law (see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549; US Bank N.A. v Hunte, 176 AD3d 894, 896).
Here, the plaintiff failed to establish, prima facie, the defendant's default in making payment on the mortgage debt. In support of its motion, the plaintiff submitted an affidavit of an employee of its loan servicer, who averred that he reviewed certain business records maintained by [*2]the loan servicer and the defendant defaulted in making payments on the mortgage debt. However, the affiant failed to submit any business record substantiating the alleged default (see 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741; USBank N.A. v Haliotis, 185 AD3d 756, 759; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). "Conclusory affidavits lacking a factual basis are without evidentiary value" (USBank N.A. v Haliotis, 185 AD3d at 759; see Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58). Even assuming that the subject affidavit established a sufficient foundation for the records relied upon, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Accordingly, the affiant's assertions regarding the defendant's alleged default, without the business records upon which he relied in making those assertions, constituted inadmissible hearsay (see Citibank, N.A. v Yanling Wu, 199 AD3d at 58; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550; Bank of Am., N.A. v Huertas, 195 AD3d 891, 893; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
DILLON, J.P., BARROS, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court