Federal Natl. Mtge. Assn. v Hernandez (2023 NY Slip Op 01888)

Federal Natl. Mtge. Assn. v Hernandez

2023 NY Slip Op 01888

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2019-13652
 (Index No. 702128/16)

[*1]Federal National Mortgage Association, respondent,
v
Hyda D. Hernandez, et al., appellants, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant Mak Asset, Inc., and Hyda D. Hernandez, Queens, NY, appellant pro se (one brief filed).
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (John E. Brigandi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Hyda D. Hernandez and Mak Asset, Inc., appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Allan B. Weiss, J.), entered November 26, 2019. The order and judgment of foreclosure and sale, upon an order of the same court entered March 28, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike the affirmative defenses of those defendants, and for an order of reference, among other things, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Hyda D. Hernandez and Mak Asset, Inc., to strike the affirmative defenses of those defendants, and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale are denied as academic, and the order entered March 28, 2018, is modified accordingly.
In February 2016, the plaintiff commenced this action to foreclose a mortgage against the defendants Hyda D. Hernandez and Mak Asset, Inc. (hereinafter together the defendants), among others. After the defendants answered, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' affirmative defenses, and for an order of reference. The defendants opposed the motion. By order entered March 28, 2018, the Supreme Court, among other things, granted those branches of the plaintiff's motion. The plaintiff then moved, inter alia, to confirm a report of the referee and for a judgment of foreclosure and sale. The defendants opposed the motion. The court, among other things, granted those branches of the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendants appeal.
"To establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default" (U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 850; see Bank of N.Y. Mellon v Pigott, 200 AD3d 633, 635; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). "The plaintiff has the burden of establishing, by evidence in admissible form, its prima facie entitlement to judgment as a matter of law" (U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 850; see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549; US Bank N.A. v Hunte, 176 AD3d 894, 896).
Here, the plaintiff failed to establish, prima facie, that Hernandez defaulted in making her monthly installment payment due on May 1, 2013, and thereafter, under the terms of the subject loan documents. In support of its motion, the plaintiff submitted an affidavit of an employee of its loan servicer who averred, in relevant part, that based upon his review of certain business records maintained by the loan servicer and the plaintiff, he was familiar with the underlying mortgage loan and payment history of Hernandez. However, the affiant, and the plaintiff, failed to submit any business records substantiating the alleged default (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 851; 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 741; USBank N.A. v Haliotis, 185 AD3d 756, 759; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205-206). "'Conclusory affidavits lacking a factual basis are without evidentiary value'" (U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 851, quoting USBank N.A. v Haliotis, 185 AD3d at 759). "Even assuming that the subject affidavit established a sufficient foundation for the records relied upon, 'it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 851, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d at 205). Accordingly, the affiant's averments regarding the default, without the business records upon which he relied in making those averments, constituted inadmissible hearsay, lacking in probative value (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 851; Bank of N.Y. Mellon v DeLoney, 197 AD3d at 550; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209).
Thus, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the affirmative defenses of the defendants, and for an order of reference, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court