Deutsche Bank Natl. Trust Co. v Saavedra (2024 NY Slip Op 03407)

Deutsche Bank Natl. Trust Co. v Saavedra

2024 NY Slip Op 03407

Decided on June 20, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-02881
 (Index No. 716673/19)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Harold Saavedra, respondent, et al., defendants.

Hinshaw & Culbertson, LLP, New York, NY (Fernando C. Rivera-Maissonet and Schuyler B. Kraus of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated March 31, 2022. The order, in effect, denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Harold Saavedra, to dismiss that defendant's answer, affirmative defenses, and counterclaims, for leave to amend the caption to substitute the names Vikram Acharya, Sangita Kantal Acharya, Sisir Acharya, Anjel Acharya, and Kismat Acharya in place of "John Doe #1" through "John Doe #5," respectively, for leave to enter a default judgment against the nonappearing defendants, and for an order of reference.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, denying that branch of the plaintiff's motion which was for leave to amend the caption to substitute the names Vikram Acharya, Sangita Kantal Acharya, Sisir Acharya, Anjel Acharya, and Kismat Acharya in place of "John Doe #1" through "John Doe #5," respectively, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof, in effect, denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant Harold Saavedra's third and fourth affirmative defenses and first counterclaim, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In 2019, the plaintiff commenced this action to foreclose a mortgage on certain real property located in Maspeth against, among others, the defendant Harold Saavedra (hereinafter the defendant), who had obtained a loan secured by a mortgage, and "John Doe #1" through "John Doe #12." The defendant interposed an answer that denied the allegations in the complaint and asserted various affirmative defenses, including the expiration of the statute of limitations, and two counterclaims. Vikram Acharya, Sangita Kantal Acharya, Sisir Acharya, Anjel Acharya, and Kismat Acharya (hereinafter collectively the Acharyas) were each served with a copy of the summons and complaint as "John Doe #1" through "John Doe #5," respectively. The Acharyas did not appear in the action or answer the complaint.
After the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to dismiss his answer, affirmative defenses, and counterclaims, for leave to amend the [*2]caption to substitute each of the Acharyas in place of "John Doe #1" through "John Doe #5," respectively, for leave to enter a default judgment against the nonappearing defendants, and for an order of reference. The defendant opposed those branches of the motion which were for summary judgment on the complaint insofar as asserted against him, to dismiss his answer, affirmative defenses, and counterclaims, and for an order of reference. The Supreme Court denied the plaintiff's motion in its entirety. The plaintiff appeals.
"To establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of the default" (MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840; see Bank of N.Y. Mellon v Pigott, 200 AD3d 633, 635). "The plaintiff has the burden of establishing, by evidence in admissible form, its prima facie entitlement to judgment as a matter of law" (MTGLQ Invs., L.P. v Rashid, 213 AD3d at 840; see Bank of N.Y. Mellon v DeLoney, 197 AD3d 548, 549).
Here, the plaintiff failed to establish, prima facie, the defendant's default in making payment on the mortgage debt. In support of its motion, the plaintiff submitted an affidavit of an employee of its loan servicer, who averred that he reviewed certain business records maintained by the loan servicer and that the defendant defaulted in making a payment on the mortgage debt on October 1, 2013, and continuing thereafter. However, the affiant failed to submit any business record substantiating the alleged default on October 1, 2013, and instead submitted a loan payment history reflecting account transactions occurring on or after October 4, 2013. "'Conclusory affidavits lacking a factual basis are without evidentiary value'" (MTGLQ Invs., L.P. v Rashid, 213 AD3d at 840, quoting USBank N.A. v Haliotis, 185 AD3d 756, 759). "Even assuming that the subject affidavit established a sufficient foundation for the records relied upon, 'it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted'" (MTGLQ Invs., L.P. v Rashid, 213 AD3d at 840, quoting Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205). Accordingly, the affiant's assertion regarding the defendant's alleged default on October 1, 2013, without a supporting business record upon which he could rely in making that assertion constitutes inadmissible hearsay (see MTGLQ Invs., L.P. v Rashid, 213 AD3d at 840; Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209). Thus, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Likewise, the affidavit submitted by the plaintiff in support of its motion was insufficient to demonstrate proof of the facts constituting the claim in satisfaction of CPLR 3215(f) for leave to enter a default judgment against the nonappearing defendants, including the Acharyas (see U.S. Bank N.A. v Simpson, 216 AD3d 1043, 1045; Deutsche Bank Natl. Trust Co. v Hossain, 196 AD3d 631, 634).
However, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's third and fourth affirmative defenses and first counterclaim regarding the expiration of the statute of limitations. The plaintiff demonstrated, prima facie, that the debt was never validly accelerated prior to the commencement of this action, as the prior action to foreclose the subject mortgage, commenced in 2007, was dismissed upon the court's determination that the plaintiff in that action lacked standing to commence that action (see CPLR 213[4][a]; U.S. Bank N.A. v Pearl-Nwabueze, 218 AD3d 824, 826-827). Therefore, the alleged acceleration was a nullity (see Deutsche Bank Natl. Trust Co. v Limtcher, 193 AD3d 686).
Having established that it served each of the Acharyas with process as occupants of the subject property within the limitations period, the Supreme Court should have granted that branch of the plaintiff's motion which was to substitute each of them as a named defendant in place of "John Doe #1" through "John Doe #5" (see CPLR 1024; see also U.S. Bank N.A. v Losner, 145 AD3d 935, 937).
IANNACCI, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court