Sharestates Invs., LLC v 2774 Atl. Ave, LLC (2025 NY Slip Op 04268)

Sharestates Invs., LLC v 2774 Atl. Ave, LLC

2025 NY Slip Op 04268

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-06189 
2023-06191
 (Index No. 525891/19)

[*1]Sharestates Investments, LLC, etc., respondent,
v
2774 Atlantic Ave, LLC, et al., appellants, et al., defendants.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY, for appellants.
McMichael Taylor Gray, LLC, Saratoga Springs, NY (Dana M. Carrera of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants 2774 Atlantic Ave, LLC, Joel Rolnitzky, 2774 Atlantic Ave JBH, LLC, sued herein as 2774 Atlantic Ave J8H, LLC, Five Unit Homes, LLC, and Diros Marketing Corp. appeal from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 16, 2023, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, also dated June 16, 2023. The order dated June 16, 2023, granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated October 12, 2022, among other things, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike the answer of those defendants, and for an order of reference, granted the same relief to the plaintiff as the order dated June 16, 2023, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order dated June 16, 2023, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated June 16, 2023, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and are considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action to foreclose a mortgage encumbering certain real property located in Brooklyn against, among others, the defendants 2774 Atlantic Ave, LLC, Joel Rolnitzky, 2774 Atlantic Ave JBH, LLC, sued herein as 2774 Atlantic Ave J8H, LLC, Five Unit Homes, LLC, and Diros Marketing Corp. (hereinafter collectively the defendants). The plaintiff [*2]moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion, contending, among other things, that the plaintiff failed to provide notice of default as required by the mortgage agreement and that the plaintiff failed to provide sufficient proof of default. In an order dated October 12, 2022, the Supreme Court granted the plaintiff's motion. In another order, also dated October 12, 2022, the court, inter alia, granted the same relief to the plaintiff, struck the defendants' answer, and appointed a referee to compute the amount due on the note.
The plaintiff subsequently moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated June 16, 2023, the Supreme Court granted the motion. In an order and judgment of foreclosure and sale, also dated June 16, 2023, the court granted the same relief to the plaintiff, confirmed the referee's report, and directed the sale of the property. The defendants appeal.
In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default (see Lakeview Loan Servicing, LLC v Swanson, 231 AD3d 801, 802; HSBC Mtge. Corp. USA v Tehrani, 229 AD3d 772, 777; Zarabi v Movahedian, 136 AD3d 895, 895). Here, contrary to the defendants' contention, the plaintiff submitted sufficient evidence to establish a default on the payment of the loan. Furthermore, the notice of default sent by the plaintiff substantially complied with the terms of the mortgage agreement (see AXIOM Bank v Dutan, 190 AD3d 672, 674; Hudson City Sav. Bank v Friedman, 146 AD3d 757, 758).
Contrary to the defendants' contention, the referee's report was substantially supported by the record (see U.S. Bank N. A. v Mahram, 230 AD3d 1265, 1266; Deutsche Bank Natl. Trust Co. v Wentworth, 211 AD3d 684, 688).
The defendants' remaining contention is without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court