Silverman v Petykowski (2026 NY Slip Op 00165)

Silverman v Petykowski

2026 NY Slip Op 00165

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2023-10259
 (Index No. 606740/23)

[*1]Ellen Silverman, appellant, 
vNolan Petykowski, et al., respondents.

Ellen Silverman, East Hampton, NY, appellant pro se.
Tarbet & Lester, PLLC, East Hampton, NY (Jonathan Tarbet of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated September 5, 2023. The order denied the plaintiff's motion for summary judgment on the first cause of action or, in the alternative, on the second cause of action, and granted the defendants' cross-motion for summary judgment dismissing the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting the defendants' cross-motion for summary judgment dismissing the amended complaint, and substituting therefor a provision denying the cross-motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff and the defendants own adjoining properties located in East Hampton. In 2006, the plaintiff had her property surveyed in preparation for a pool setback (hereinafter the 2006 survey), and she erected a fence to demarcate the boundary between her rear yard and the adjoining property owned by the defendants. After the defendants had their property surveyed in September 2022 (hereinafter the 2022 survey), the plaintiff noticed surveyor stakes on her side of the fence, and that stone markers she had placed along the property border had been removed. The 2022 survey and the 2006 survey, upon which the plaintiff had relied in placing her fence and stone markers, diverged as to where the boundary line fell, leaving a strip of land a few feet in width in dispute (hereinafter the disputed tract).
The plaintiff commenced this action, alleging that the defendants had encroached upon her property, and seeking, inter alia, a judgment declaring that the disputed tract falls within her property line. The first cause of action alleged that the plaintiff held title to the disputed tract by deed. The second cause of action alleged that the plaintiff held title by adverse possession. The remaining causes of action sought damages for trespass, among other things. The plaintiff attached certain exhibits to the amended complaint, including the 2006 survey.
The plaintiff moved for summary judgment on the first cause of action or, in the alternative, on the second cause of action. In support of her motion, the plaintiff submitted, among other things, the deed to her property, which was recorded on December 29, 1999, by the Clerk and [*2]Registrar of Suffolk County, and a portion of the 2006 survey. The defendants cross-moved for summary judgment dismissing the amended complaint, submitting the 2022 survey and an affidavit of the surveyor who completed the 2022 survey. The Supreme Court denied the motion and granted the cross-motion. The plaintiff appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; see Zuckerman v City of New York, 49 NY2d 557, 562). "Failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Here, the plaintiff's deed, which was recorded in 1999, was prima facie evidence of its contents (see CPLR 4522). It established that the plaintiff owned the property described therein. However, the plaintiff failed to submit competent evidence establishing the location of the disputed tract or that it fell within the boundaries of her property. The plaintiff relied upon the 2006 survey, which did not constitute competent evidence, as it was not accompanied by an affidavit of the surveyor attesting to its accuracy or interpreting and explaining the survey (see Thomson v Nayyar, 90 AD3d 1024, 1026; Raab v Lefkowtiz, 76 AD3d 619, 621; Seaman v Three Vil. Garden Club, Inc., 67 AD3d 889, 890; Greenberg v Manlon Realty, 43 AD2d 968, 969; see also Marone v Kelly, 109 AD3d 880, 881). Accordingly, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the first cause of action.
In support of that branch of their cross-motion which was for summary judgment dismissing the first cause of action, the defendants also failed to eliminate all triable issues of fact. Although the defendants' surveyor opined in an affidavit that there was "considerable evidence" that the defendants owned the disputed tract, this conclusion was based upon his opinion that the road adjacent to the plaintiff's property had "shifted . . . over time resulting in the [plaintiff] having a smaller parcel." The surveyor failed to provide a factual basis for this opinion. The conclusory affidavit, lacking evidentiary value, failed to meet the defendants' burden of establishing that the disputed tract was not part of the plaintiff's property (see generally JMD Holding Corp. v Congress Fin. Corp., 4 NY3d 373, 384-385; MTGLQ Invs., L.P. v Rashid, 213 AD3d 839, 840). Accordingly, the Supreme Court should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the first cause of action.
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was for summary judgment on the second cause of action, alleging adverse possession. The plaintiff failed to demonstrate that the fence and stone markers did not constitute "de minimus non-structural encroachments" (RPAPL 543[1]) or to otherwise establish, as a matter of law, acts sufficiently open to put a reasonably diligent owner on notice (see id. § 522). Similarly, however, the defendants failed to submit any evidence with respect to the plaintiff's occupation of the disputed tract, and, therefore, failed to establish, prima facie, that the plaintiff did not adversely possess the disputed tract (see id. § 501; Buckheit v Aiken, 232 AD3d 842, 844). Accordingly, the court should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the second cause of action.
The Supreme Court also should have denied those branches of the defendants' cross-motion which were for summary judgment dismissing the remaining causes of action, as the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing those causes of action (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
DILLON, J.P., BRATHWAITE NELSON, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court