USBank N.A. v Haliotis (2020 NY Slip Op 03819)





USBank N.A. v Haliotis


2020 NY Slip Op 03819


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-07324
 (Index No. 10147/12)

[*1]USBank National Association, etc., respondent,
v
Antonia Haliotis, et al., appellants, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellants.
Hogan Lovells US LLP, New York, NY (Gabrielle Mannuzza, David Dunn, and Christian Fletcher of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Antonia Haliotis and George Haliotis appeal from a judgment of foreclosure and sale of the Supreme Court, Kings County (Lawrence S. Knipel, J.), dated May 1, 2018. The judgment of foreclosure and sale, upon an order of the same court dated April 6, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Antonia Haliotis and George Haliotis, dismissing their affirmative defenses and counterclaims, and for an order of reference, and denying the cross motion of the defendants Antonia Haliotis and George Haliotis to dismiss the complaint insofar as asserted against them, and upon an order of the same court, also dated April 6, 2017, inter alia, referring the matter to a referee to ascertain and compute the amount due to the plaintiff, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Antonia Haliotis and George Haliotis, dismissing their fourth and eighth affirmative defenses, and for an order of reference are denied, the first order dated April 6, 2017, is modified accordingly, and the second order dated April 6, 2017, is vacated.
The plaintiff commenced this action against the defendants Antonia Haliotis and George Haliotis (hereinafter together the defendants), among others, to foreclose a mortgage on residential property located in Brooklyn. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304, and counterclaims. The plaintiff moved, inter alia, for summary judgment on the complaint, dismissing the defendants' affirmative defenses and counterclaims, and for an order of reference. The defendants cross-moved to dismiss the complaint insofar as asserted against them. The Supreme Court granted the plaintiff's motion and denied the defendants' cross motion. Thereafter, the court issued a judgment of foreclosure and sale, dated May 1, 2018.
In support of its motion for summary judgment, the plaintiff submitted a copy of a 90-day notice that it demonstrated it had served upon the defendants in October 2011 in accordance [*2]with the provisions of RPAPL 1304(2). The version of RPAPL 1304(2) as it existed at that time required that the 90-day notice provide a list of five housing counseling agencies "that serve the region where the borrower resides." The 90-day notice mailed by the plaintiff to the defendants set forth the names, addresses, and telephone numbers of three housing counseling agencies located in Brooklyn, of one housing counseling agency located in Manhattan, and of one housing counseling agency located in Watertown. In support of their cross motion to dismiss, the defendants argued that the plaintiff's 90-day notice failed to comply with the requirements of the statute because Watertown is at least 321 miles from Brooklyn and is not in the same region as Brooklyn, and the plaintiff thus did not provide the names of five housing counseling agencies serving the region where the defendants reside. While the plaintiff did not respond to this contention in their reply papers in the Supreme Court, the plaintiff argues on appeal that its notice was proper and the defendants are not entitled to dismissal because the defendants failed to submit evidence that they asked for and were denied service by the Watertown agency. We disagree.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). Here, the notice prepared by the plaintiff listed, as one of the required five housing counseling agencies, an agency located more than 300 miles away from the defendants' residence. While it may be, as the plaintiff argues on appeal, that there is no basis upon which to assume that the Watertown agency would not serve the defendants, it is the plaintiff's burden, on its motion for summary judgment, to demonstrate its strict compliance with the applicable provisions of RPAPL 1304. By failing to submit evidence that the Watertown agency served the region wherein the defendants resided, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law and thus its motion for such relief should have been denied (cf. Federal Natl. Mtge. Assn. v Bailey, 179 AD3d 774; BAC Home Loans Servicing, L.P. v Chertov, 165 AD3d 1214). Conversely, because the defendants failed to offer evidence showing that the Watertown agency did not serve the region of their residence, the defendants failed to demonstrate their entitlement to dismissal of the complaint.
Additionally, the affidavit submitted by the plaintiff for the purpose of demonstrating that it properly served its 90-day notice did not specify that the notice was served in an envelope that was separate from any other mailing or notice (see RPAPL 1304 [2]). While the plaintiff attempted to remedy this deficiency in its reply papers, even assuming that its reply affidavit may properly be considered (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664-665; cf. U.S. Bank N.A. v Laino, 172 AD3d 947, 948), that affidavit contained only a conclusory assertion that the mailing was done in a separate envelope, with no assertion by the affiant that she had any personal knowledge of the actual mailing or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
The plaintiff also failed to establish, prima facie, the defendants' default in payment. While the affidavit submitted by the plaintiff made the requisite showing that the affiant was familiar with the plaintiff's recordkeeping practices and procedures with respect to the defendants' payment history, the affiant failed to submit any business record substantiating the alleged default. Conclusory affidavits lacking a factual basis are without evidentiary value (see e.g. JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719-720). Further, "[w]hile a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [citation omitted]; see Bank of N.Y. Mellon v Gordon, 171 AD3d 197). "[I]t is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 205).
The plaintiff established, prima facie, its standing by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of the note, endorsed in blank, to the summons and complaint (see Wells Fargo Bank, N.A. v Thomas, 150 AD3d 1312, 1313).
The defendants' remaining contention is without merit.
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and dismissing their fourth and eighth affirmative defenses, and for an order of reference, should have been denied.
SCHEINKMAN, P.J., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court