CV XXVIII, LLC v Trippiedi (2020 NY Slip Op 05721)





CV XXVIII, LLC v Trippiedi


2020 NY Slip Op 05721


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-06716
 (Index No. 130382/12)

[*1]CV XXVIII, LLC, respondent, 
v
Joseph Trippiedi, et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Daniel Eugene of counsel), for appellants.
Margolin & Weinreb, LLP, Syosset, NY (Sandy J. Stolar of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Joseph Trippiedi and Kathy Trippiedi appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Richmond County (Desmond A. Green, J.), dated December 31, 2018. The order and judgment of foreclosure and sale, upon an order of the same court (Judith N. McMahon, J.), dated September 24, 2015, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike their answer and counterclaims, and for an order of reference, and, in effect, denying that branch of those defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304, among other things, directed the sale of certain real property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Joseph Trippiedi and Kathy Trippiedi, to strike those defendants' answer and counterclaims, and for an order of reference, are denied, and the order dated September 24, 2015, is modified accordingly.
In May 2006, the defendant Joseph Trippiedi executed a promissory note in the amount of $454,000, in favor of nonparty Argent Mortgage Company, LLC (hereinafter Argent). To secure repayment of the note, Joseph and his wife, the defendant Kathy Trippiedi (hereinafter together the defendants), delivered to Argent a mortgage on certain residential property in Richmond County. The note contains an undated endorsement in blank by "Sam Marzouk, President Argent Mortgage Company, LLC." Joseph allegedly defaulted under the terms of the note by failing to make the payment due on July 1, 2009.
In March 2012, alleging that it was the holder and owner of the subject note and mortgage, the plaintiff's predecessor in interest Waterfall Victoria Mortgage Trust 2011-1 (hereinafter the Trust) commenced this action against the defendants, among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted various affirmative defenses, including that the Trust failed to comply with RPAPL 1304 and that it lacked standing to commence [*2]this action, and counterclaims.
Thereafter, in November 2013, following a series of assignments of the defendants' mortgage which also purported to transfer the interest in the underlying note, the plaintiff, CV XXVIII, LLC (hereinafter CV), moved for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, for an order of reference, and to amend the caption to, among other things, substitute itself as the plaintiff. The defendants cross-moved for summary judgment dismissing the complaint, inter alia, on the ground that the Trust lacked standing to commence this action and failed to comply with RPAPL 1304.
The Supreme Court assigned a referee to conduct a hearing and "report/determine" on the issue of standing. Without objection, the referee undertook his assignment as a direction to hear and report. While the defendants appeared at the hearing, CV failed to do so. The referee then issued a report, dated September 15, 2015, finding that CV had failed to establish its standing or entitlement to summary judgment on the complaint. The referee recommended that the Supreme Court deny CV's motion for summary judgment on the complaint. Nevertheless, by order dated September 24, 2015, the Supreme Court granted CV's motion, inter alia, for summary judgment on the complaint, and, in effect, denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Thereafter, the Supreme Court issued an order and judgment of foreclosure and sale dated December 31, 2018, among other things, directing the sale of the subject property. The defendants appeal. By decision and order on motion dated May 30, 2019, inter alia, this Court granted that branch of the defendants' motion which was to stay the sale of the subject property pending hearing and determination of this appeal.
Where, as here, "the issue of standing is raised by a defendant in a mortgage foreclosure action, a plaintiff must prove its standing in order to be entitled to relief against that defendant" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 203). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 360-362; Bank of N.Y. Mellon v Gordon, 171 AD3d at 203). "A plaintiff may demonstrate that it is the holder or assignee of the underlying note 'by showing either a written assignment of the underlying note or the physical delivery of the note'" (Wells Fargo Bank, N.A. v Gallagher, 137 AD3d at 899, quoting U.S. Bank N.A. v Guy, 125 AD3d 845, 846-847).
"The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020; Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 823). Here, the referee's report was substantially supported by the record, as CV failed to appear at the hearing and thereby failed to meet its burden of proof to establish the Trust's standing at the time this action was commenced. Consequently, as the defendants argue on appeal, the Supreme Court should have confirmed the referee's report and denied CV's motion, inter alia, for summary judgment on the complaint, since a triable issue of fact exists as to the issue of standing.
RPAPL 1304(1), which applies to residential foreclosure actions, provides, among other things, that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The version of RPAPL 1304(2) as it existed at the time this action was commenced, provided that, "[t]he notices required by this section shall contain a current list of at least five housing counseling agencies that serve the region where the borrower resides from the most recent listing available from the department of financial services" with their "last known addresses and telephone numbers" (emphasis added; see USBank N.A. v Haliotis, 185 AD3d 756, 757). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see CitiMortgage, Inc. v Osorio, 174 AD3d 496, 498).
Here, the RPAPL 1304 notices submitted by CV in support of its motion for summary judgment contained only the first 5 pages of a 37-page list of agencies from the U.S. Department of Housing and Urban Development. CV failed to submit evidence to demonstrate that the 90-day notices contained either five housing agencies that served the region where the defendants resided or were from the most recent listing available from the department of financial services. As a result, CV did not meet its prima facie burden of establishing that it strictly complied with RPAPL 1304 (see USBank N.A. v Haliotis, 185 AD3d at 758; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106).
Conversely, the defendants also failed to offer evidence demonstrating their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304. "[A] defendant still has to meet its burden on a cross motion for summary judgment dismissing the complaint, of establishing that [a] condition precedent was not fulfilled" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24; see Wells Fargo Bank, N.A. v Sakizada, 168 AD3d 789, 792; U.S. Bank N.A. v Sabloff, 153 AD3d 879, 881; Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911). Here, the defendants failed to offer evidence showing that less than five of the housing agencies serving the region of their residence had been provided to them (see USBank N.A. v Haliotis, 185 AD3d at 758).
Additionally, CV did not submit an affidavit of service or proof of mailing by the United States Postal Service evidencing that the defendants were properly served pursuant to RPAPL 1304. Instead, CV relied upon the affidavit of Matthew W. Regan, its executive vice president, who averred that 90-day notices were sent in accordance with the statute. In his affidavit, Regan referenced copies of 90-day notices, which, however, did not bear any postmark. Moreover, "[t]he presence of 20-digit numbers on the copies of the 90-day notices . . . standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304" (CitiMortgage, Inc. v Osorio, 174 AD3d at 498). Also, Regan's affidavit was insufficient to establish that the required notices were sent in the manner required by RPAPL 1304, as Regan did not attest to personal knowledge of the mailing practices of the entity which sent the notices, and provided no independent evidence of the actual mailing (see M & T Bank v Biordi, 176 AD3d 1194, 1196; Bank of N.Y. Mellon v Ettinger, 176 AD3d 1152, 1154; HSBC Bank USA, N.A. v Dubose, 175 AD3d 1270, 1273). However, the defendants' bare denial of receipt of the RPAPL 1304 notices, without more, was insufficient to establish their prima facie entitlement to judgment as a matter of law (see U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 987; M & T Bank v Biordi, 176 AD3d at 1197; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24).
Accordingly, since CV failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and counterclaims, and for an order of reference should have been denied, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Moreover, since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, we agree with Supreme Court's denial of that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304.
AUSTIN, J.P., MALTESE, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court