US Bank N.A. v Gurung (2021 NY Slip Op 04387)





US Bank N.A. v Gurung


2021 NY Slip Op 04387


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
ANGELA G. IANNACCI, JJ.


2019-04690
2019-04874
2019-05677
 (Index No. 11407/11)

[*1]US Bank National Association, etc., respondent,
v
Geeta Gurung, appellant, et al., defendants.


Mobilization for Justice, Inc., New York, NY (Jeanette Zelhof, Mackenzie Lew, and Adrienne Warrell of counsel), for appellant.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Geeta Gurung appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered October 25, 2018, (2) an order of the same court also entered October 25, 2018, and (3) an order of the same court entered November 21, 2018. The first order entered October 25, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Geeta Gurung, to strike that defendant's answer, and for an order of reference. The second order entered October 25, 2018, insofar as appealed from, granted the same relief as the first order and appointed a referee to compute the amount due to the plaintiff. The order entered November 21, 2018, denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her.
ORDERED that the orders entered October 25, 2018, are reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Geeta Gurung, to strike that defendant's answer, and for an order of reference are denied; and it is further,
ORDERED that the order entered November 21, 2018, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Geeta Gurung.
In May 2011, the plaintiff commenced this action against the defendant Geeta Gurung (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Queens. The defendant interposed an answer in which she asserted, among other things, that the plaintiff failed to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The Supreme Court granted the plaintiff's motion. Thereafter, the court denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her. The defendant appeals.
RPAPL 1304(1), which applies to residential foreclosure actions, provides, among [*2]other things, that, "at least [90] days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The version of RPAPL 1304 which existed at the time this action was commenced provided that notices required to be sent pursuant to this section "shall contain a list of at least five housing counseling agencies . . . that serve the region where the borrower resides," with their "last known addresses and telephone numbers" (RPAPL former 1304[2]).
Here, the RPAPL notices submitted by the plaintiff in support of its motion for summary judgment failed to demonstrate that the notices contained five housing agencies that served the region where the defendant resided. As a result, the plaintiff did not meet its prima facie burden of establishing that it strictly complied with RPAPL 1304 (see CV XXVII, LLC v Trippiedi, 187 AD3d 847; USBank N.A. v Haliotis, 185 AD3d 756, 758).
Conversely, the defendant was not entitled to summary judgment dismissing the complaint insofar as asserted against her as she failed to affirmatively demonstrate, as a matter of law, that the plaintiff failed to comply with RPAPL 1304 (see CV XXVII, LLC v Trippiedi, 187 AD3d at 847).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against her, and should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
LASALLE, P.J., CHAMBERS, AUSTIN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court