2010-3 SFR Venture, LLC v Schiavoni (2021 NY Slip Op 06143)





2010-3 SFR Venture, LLC v Schiavoni


2021 NY Slip Op 06143


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
LEONARD B. AUSTIN
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2017-12195 
2018-14016
 (Index No. 600435/15)

[*1]2010-3 SFR Venture, LLC, respondent, 
v
Vincent Schiavoni, appellant, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Aldridge Pite, LLP, Melville, NY (Kenneth M. Sheehan of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Vincent Schiavoni appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated September 1, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court dated September 7, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Vincent Schiavoni, to strike that defendant's answer, and for an order of reference. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Vincent Schiavoni, to strike his answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated September 1, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Vincent Schiavoni.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In November 2006, the defendant Vincent Schiavoni (hereinafter the defendant) executed a note in favor of nonparty Morgageit, Inc., in the sum of $741,820, which was secured by a mortgage on certain real property in Sag Harbor. In December 2014, the plaintiff, as the alleged holder of the note, commenced this action to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer in which he asserted, inter alia, an affirmative [*2]defense that the plaintiff failed to comply with the notice requirements of RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In an order dated September 1, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. In an order and judgment of foreclosure and sale dated September 7, 2018, the court, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property. The defendant appeals.
"'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 657, quoting Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1002). "However, where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the moving party is also required to make a prima facie showing of strict compliance with RPAPL 1304" (Bank of Am., N.A. v Bittle, 168 AD3d at 657). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (USBank N.A. v Haliotis, 185 AD3d 756, 758 [internal quotation marks omitted]).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with the requirements of RPAPL 1304 (see JPMorgan Chase Bank, N.A. v Nellis, 183 AD3d 583, 585). In support of its motion, inter alia, for summary judgment on the complaint, the plaintiff submitted, among other things, the affidavit of Bethany White, Foreclosure Oversight Specialist for Roundpoint Mortgage Servicing Corporation (hereinafter Roundpoint), the plaintiff's loan servicer. However, White did not aver that she had personal knowledge of the purported mailings of the 90-day notice, or that she was familiar with the mailing practices and procedures of Roundpoint, which allegedly sent the notice (see Wells Fargo Bank, N.A. v Tricario, 180 AD3d 848, 851; M & T Bank v Biordi, 176 AD3d 1194, 1196). Although the plaintiff submitted proof of mailing and tracking information for certified mailings of the 90-day notice, the plaintiff failed to submit proof of mailing of the notice by first-class mail (see Federal Natl. Mtge. Assn. v Donovan, 197 AD3d 694; Santander Bank, N.A. v Schaefer, 192 AD3d 1170, 1171). Moreover, White's affidavit failed to specify that the RPAPL 1304 notice was served in an envelope that was separate from any other mailing or notice (see RPAPL 1304[2]; USBank N.A. v Haliotis, 185 AD3d at 758-759). The record also otherwise did not demonstrate that the notice was sent in a separate envelope from any other mailing or notice (see Tuthill Fin., a Ltd. Partnership v Candlin, 129 AD3d 1375, 1376).
The plaintiff also failed to establish, prima facie, the defendant's default in payment. While White's affidavit made the requisite showing that she was familiar with Roundpoint's record-keeping practices and procedures (see CPLR 4518[a]; Citigroup v Kopelowitz, 147 AD3d 1014, 1015), her conclusory assertion that the defendant defaulted on his obligations under the note was not substantiated by any business record establishing the alleged default (see USBank N.A. v Haliotis, 185 AD3d at 759; JPMorgan Chase Bank, N.A. v Akanda, 177 AD3d 718, 719).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the parties' remaining contentions.
LASALLE, P.J., AUSTIN, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court