Wells Fargo Bank, N.A. v McMahon (2022 NY Slip Op 00903)





Wells Fargo Bank, N.A. v McMahon


2022 NY Slip Op 00903


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2019-11884
2019-11886
2020-03788
 (Index No. 28704/11)

[*1]Wells Fargo Bank, N.A., respondent,
v
Ellen McMahon, etc., appellant, et al., defendant.


The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest E. Ranalli of counsel), for appellant.
Reed Smith LLP, New York, NY (Kerren B. Zinner and Andrew B. Messite of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Ellen McMahon appeals from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), both dated July 31, 2019, and an order and judgment of foreclosure and sale (one paper) of the same court entered February 10, 2020. The first order dated July 31, 2019, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ellen McMahon, to strike that defendant's answer and counterclaims, and for an order of reference, and denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against her. The second order dated July 31, 2019, insofar as appealed from, granted that same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeals from the orders dated July 31, 2019, are dismissed, without costs or disbursements; and its is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, without costs or disbursements, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Ellen McMahon, to strike that defendant's answer and counterclaims, and for an order of reference are denied, and the orders dated July 31, 2019, are modified accordingly.
The appeals from the orders dated July 31, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the [*2]orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The plaintiff commenced this action against the defendant Ellen McMahon (hereinafter the defendant), among others, to foreclose a mortgage encumbering property in Huntington Station. The defendant served an answer asserting various affirmative defenses and counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and counterclaims, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff failed to comply with RPAPL 1304.
By order dated July 31, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied the defendant's cross motion. In a second order, also dated July 31, 2019, the court, inter alia, granted that same relief to the plaintiff, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered February 10, 2020, the court granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
Proper service of a RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). Additionally, RPAPL 1304(2), as it existed at the time this action was commenced, provided that the 90-day notices "shall contain a list of at least five housing counseling agencies as designated by the division of housing and community renewal, that serve the region where the borrower resides."
Here, the 90-day notice submitted by the plaintiff in support of its motion for summary judgment contained a list of five counseling agencies, one of which was located in Watertown, Jefferson County, New York, located approximately 350 miles from the mortgaged premises. "[I]t is the plaintiff's burden, on its motion for summary judgment, to demonstrate its strict compliance with the applicable provisions of RPAPL 1304. By failing to submit evidence that the Watertown agency served the region wherein the defendants resided, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law and thus its motion for such relief should have been denied" (USBank N.A. v Haliotis, 185 AD3d 756, 758; see US Bank, N.A. v Gordon, ___ AD3d ___ [Appellate Division Docket No. 2019-12069; decided herewith]; US Bank N.A. v Gurung, 196 AD3d 617; CV XXVII, LLC v Trippiedi, 187 AD3d 847). Since the plaintiff failed to satisfy its prima facie entitlement to judgment as a matter of law, its motion should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against her based upon the plaintiff's failure to comply with RPAPL 1304 (see CV XXVII, LLC v Trippiedi, 187 AD3d at 847; US Bank N.A. v Gurung, 196 AD3d at 617). "[A] defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that [a] condition precedent was not fulfilled" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 24). While the defendant offered some evidence that the Watertown agency does not serve Suffolk County (cf. US Bank, N.A. v Gordon, ___ AD3d ___ [Appellate Division Docket No. 2019-12069; decided herewith]), it was insufficient to establish her prima facie entitlement to judgment as a matter of law (see CV XXVII, LLC v Trippiedi, 187 AD3d at 850-851; US Bank N.A. v Gurung, 196 AD3d at 618). As the defendant failed to establish her prima facie entitlement to judgment as a matter of law, her cross motion was properly denied, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
In view of our determination, we need not reach the defendant's remaining contentions.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court