U.S. Bank N.A. v Gordon (2022 NY Slip Op 00898)





U.S. Bank N.A. v Gordon


2022 NY Slip Op 00898


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2019-12069
2019-12070
 (Index No. 709001/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Steve Gordon, et al., appellants, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Justin E. Pane of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steve Gordon and Ashia Gordon appeal from two orders of the Supreme Court, Queens County (Salvatore Modica, J.), both dated September 3, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, including their affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and denied that branch of those defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them for failure to comply with RPAPL 1304. The second order, insofar as appealed from, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Steve Gordon and Ashia Gordon, to strike those defendants' answer, including their affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and substituting therefor provisions denying those branches of the plaintiff's motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Steve Gordon and Ashia Gordon, to strike their answer, including their affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff, is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the defendants Steve Gordon and Ashia Gordon.
On June 29, 2017, the plaintiff commenced this action against the defendants Steve Gordon and Ashia Gordon (hereinafter together the defendants), among others, to foreclose a mortgage on residential property located in Queens. The defendants interposed an answer with counterclaims. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. The defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff failed to comply with RPAPL 1304(2).
In an order dated September 3, 2019, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, and denied the defendants' cross motion. In a second order, also dated September 3, 2019, the court, among other things, granted the same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The defendants appeal.
RPAPL 1304(1) provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower . . . . " RPAPL 1304 requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20), and "the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see USBank N.A. v Haliotis, 185 AD3d 756, 758).
RPAPL 1304(2) provides, in relevant part: "The notices required by this section shall contain a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from [the] department of financial services. The list shall include the counseling agencies' last known addresses and telephone numbers. The department of financial services shall make available on its websites a listing, by county, of such agencies. The lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section."
Here, in support of its motion, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304, as it failed to demonstrate that the 90-day notices it sent to the defendants contained the requisite list of five housing counseling agencies serving the county in which the subject property is located (see id. § 1304[2]; US Bank N.A. v Gurung, 196 AD3d 617, 618; CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850; USBank N.A. v Haliotis, 185 AD3d at 758). In support of its motion, the plaintiff submitted the notices pursuant to RPAPL 1304, annexed to which was a list of five agencies. Four of the agencies were located in Queens, and one of the agencies, Hispanic Brotherhood of Rockville Centre, Inc., was located in Nassau County. Thus, the plaintiff failed to establish, prima facie, that all five of the agencies served Queens County.
Conversely, the defendants also failed to establish that they were entitled to summary judgment dismissing the complaint insofar as asserted against them based upon the plaintiff's failure to comply with RPAPL 1304 (see US Bank N.A. v Gurung, 196 AD3d 617; CV XXVII, LLC v Trippiedi, 187 AD3d at 850-851; USBank N.A. v Haliotis, 185 AD3d 756). "[A] defendant still has to meet its burden, on a cross motion for summary judgment dismissing the complaint, of establishing that [a] condition precedent was not fulfilled" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24). Here, the defendants failed to offer evidence showing that the list annexed to the RPAPL 1304 notices included fewer than five housing counseling agencies that serve the county in which the mortgaged property is located. They failed to establish as a matter of law that any of the five agencies in the list, including Hispanic Brotherhood of Rockville Centre, Inc., did not serve Queens County or that they contacted any of the agencies and were denied assistance because the property is located in Queens County.
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, including the affirmative defense alleging a failure to comply with RPAPL 1304, and for an order of reference.
DUFFY, J.P., IANNACCI, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court