Hudson Val. Fed. Credit Union v Tavares (2022 NY Slip Op 04013)

Hudson Val. Fed. Credit Union v Tavares

2022 NY Slip Op 04013

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-08298
 (Index No. 500956/18)

[*1]Hudson Valley Federal Credit Union, appellant,
v
Danny Tavares, Jr., et al., respondents, et al., defendants.

Schiller, Knapp, Lefkowitz & Hertzel, LLP, Latham, NY (Daniel N. Young of counsel), for appellant.
Clair & Gjertsen, White Plains, NY (Brett M. Milchman of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated May 21, 2019. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Danny Tavares, Jr., and Amy J. Lind, and searched the record and awarded summary judgment to the defendants Danny Tavares, Jr., and Amy J. Lind dismissing the complaint insofar as asserted against them, and, thereupon, directed the dismissal of the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof searching the record and awarding summary judgment to the defendants Danny Tavares, Jr., and Amy J. Lind dismissing the complaint insofar as asserted against them and, thereupon, directing the dismissal of the complaint; as so modified, the order is affirmed, without costs or disbursements.
On August 19, 2015, the defendants Danny Tavares, Jr., and Amy J. Lind (hereinafter together the defendants) executed a note in the sum of $430,402 in favor of the plaintiff, which was secured by a mortgage on certain residential property located in Putnum County. The defendants allegedly defaulted under the terms of the loan by failing to make the payments of principal and interest due on February 1, 2018, and thereafter.
In July 2018, the plaintiff commenced this action against the defendants, among others, to foreclose the mortgage. The plaintiff attached to the complaint a copy of a 90-day notice dated March 7, 2018, which included a lengthy list of housing counseling agencies throughout New York State (hereinafter the list). The defendants interposed an answer in which they asserted, among other things, various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
The plaintiff thereafter moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. In opposition to the plaintiff's motion, the defendants argued, among other things, that the plaintiff failed to establish that the list included at least five housing counseling agencies serving Putnam County, the county where the property is located, as required by RPAPL 1304. The Supreme Court denied the plaintiff's motion and searched the record and awarded summary judgment to the defendants dismissing the complaint insofar as asserted against them and, thereupon, directed the dismissal of the complaint. The plaintiff appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (USBank N.A. v Haliotis, 185 AD3d 756, 758 [internal quotation marks omitted]). RPAPL 1304(2) requires that the RPAPL 1304 notice, "contain a current list of at least five housing counseling agencies serving the county where the property is located from the most recent listing available from department of financial services."
Here, the plaintiff failed to meet its prima facie burden of establishing that it strictly complied with RPAPL 1304. The plaintiff failed to demonstrate that at least five housing counseling agencies on the list served Putnam County, thereby satisfying the statutory requirement (see CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850; USBank N.A. v Haliotis, 185 AD3d at 758). Accordingly, since the plaintiff failed to meet its prima facie burden as movant, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should not have searched the record and awarded summary judgment to the defendants dismissing the complaint insofar as asserted against them and, thereupon, directed the dismissal of the complaint. The record does not establish that the defendants are entitled to summary judgment as a matter of law (see CPLR 3212[b]; Alvarez v Prospect Hosp., 68 NY2d 320, 325). A triable issue of fact exists as to whether the plaintiff complied with RPAPL 1304 (see U.S. Bank N.A. v Hammer, 192 AD3d 846, 849; CV XXVII, LLC v Trippiedi, 187 AD3d at 850; USBank N.A. v Haliotis, 185 AD3d at 758).
The plaintiff's remaining contention is without merit.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court