Deutsche Bank Natl. Trust Co. v Ghosh (2022 NY Slip Op 05076)

Deutsche Bank Natl. Trust Co. v Ghosh

2022 NY Slip Op 05076

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2019-02257 
2021-06336
 (Index No. 5038/16)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Nandita Ghosh, appellant, et al., defendants.

Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nandita Ghosh appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered December 5, 2018, and (2) an order and judgment of foreclosure and sale (one paper) of the same court, entered March 25, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nandita Ghosh, to strike her answer, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, insofar as appealed from, upon the order entered December 5, 2018, and upon an order of the same court entered February 19, 2020, inter alia, granting those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order entered December 5, 2018, is dismissed; and its is further,
ORDERED that the order and judgment of foreclosure and sale is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Nandita Ghosh, to strike her answer, and for an order of reference are denied, those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale are denied, and the orders entered December 5, 2018, and February 19, 2020, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Nandita Ghosh.
The appeal from the order entered December 5, 2018, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and [*2]judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In December 2005, Nandita Ghosh (hereinafter the defendant) borrowed $528,500 from Encore Credit Corp. The loan was memorialized in a note and secured by a mortgage encumbering certain real property located in New Hyde Park. The mortgage was subsequently assigned to the plaintiff. In February 2010, the plaintiff and the defendant entered into a loan modification agreement, modifying the terms of the note and mortgage. Nevertheless, the defendant allegedly defaulted in payment on April 1, 2012.
On July 12, 2016, the plaintiff commenced this foreclosure action against the defendant, among others. The defendant interposed an answer with various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the motion. By order entered December 5, 2018, the Supreme Court, inter alia, granted the plaintiff's motion and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. Thereafter, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order entered February 19, 2020, the court granted the plaintiff's motion. In an order and judgment of foreclosure and sale entered March 25, 2020, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower is a condition precedent to the commencement of a foreclosure action (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; Citimortgage, Inc. v Banks, 155 AD3d 936, 936-937). "A defense based on noncompliance with RPAPL 1304 may be raised at any time during the action" (Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, as it failed to show its strict compliance with RPAPL 1304(2). The "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice." The copies of the 90-day notice submitted by the plaintiff included additional notices not contemplated by RPAPL 1304(2). Since the plaintiff failed to demonstrate that the RPAPL 1304 notice was "'served in an envelope that was separate from any other mailing or notice'" (Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105, 1107, quoting USBank N.A. v Haliotis, 185 AD3d 756, 758-759; see Bank of Am., N.A. v Kessler, 202 AD3d 10), it failed to establish its strict compliance with RPAPL 1304 (see Wells Fargo Bank, N.A. v DeFeo, 200 AD3d 1105). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
The defendant's remaining contentions need not be considered in light of our determination.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court