Bank of N.Y. Mellon v Maldonado (2022 NY Slip Op 05974)

Bank of N.Y. Mellon v Maldonado

2022 NY Slip Op 05974

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.

2019-13831
 (Index No. 3342/15)

[*1]Bank of New York Mellon, etc., respondent,
v
Jason Maldonado, appellant, et al., defendants.

Young Law Group, PLLC, Bohemia, NY (Justin F. Pane of counsel), for appellant.
Shapiro, DiCaro & Barak, LLC, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jason Maldonado appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 27, 2019. The order, insofar as appealed from, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, and denied that defendant's request to search the record and award him summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jason Maldonado and for an order of reference, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Jason Maldonado.
In 2006, the defendant Jason Maldonado (hereinafter the defendant) executed a note in the sum of $404,000 in favor of Decision One Mortgage Company, LLC, which was secured by a mortgage on residential property in Nassau County. The defendant defaulted on the note by failing to make payments due in November 2007 and in subsequent months. In 2009, the note and mortgage were assigned to the plaintiff.
In April 2015, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. In September 2016, the defendant interposed an answer asserting affirmative defenses, including that the plaintiff failed to strictly comply with RPAPL 1304, as well as counterclaims. In October 2016, the plaintiff served a reply to the defendant's counterclaims.
In May 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of its motion, the plaintiff submitted, among other things, copies of the 90-day notices purportedly mailed to the defendant in May 2014. The defendant opposed the plaintiff's motion for summary judgment on grounds including that the plaintiff failed to establish that the 90-day notices contained a list of at least five housing counseling agencies as designated by the New York State Division of Housing and Community Renewal (hereinafter DHCR), as required by the version of RPAPL 1304 in effect at the [*2]time. In addition, the defendant requested that the Supreme Court search the record and award him summary judgment dismissing the complaint insofar as asserted against him based on the plaintiff's alleged failure to strictly comply with RPAPL 1304. In an order entered August 27, 2019, the court, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and denied the defendant's request to search the record and award him summary judgment dismissing the complaint insofar as asserted against him.
"It is the plaintiff's burden, on its motion for summary judgment, to demonstrate its strict compliance with the applicable provisions of RPAPL 1304" (USBank N.A. v Haliotis, 185 AD3d 756, 758; see Wells Fargo Bank, N.A. v McMahon, 202 AD3d 886, 887-888; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106). As relevant here, RPAPL 1304(2), as it existed when this action was commenced, required that the 90-day notice sent to the borrower "contain a list of at least five housing counseling agencies as designated by the division of housing and community renewal, that serve the region where the borrower resides," and that the lists of designated agencies published on the websites of the New York State Department of Financial Services (hereinafter DFS) and the DHCR be used by the lender, assignee, or mortgage loan servicer to meet these requirements (id. § 1304[2], as amended by L 2009, ch 507, § 1-a [emphasis added]).
Here, in support of its motion, the plaintiff failed to establish, prima facie, its strict compliance with RPAPL 1304(2), as it failed to demonstrate that the five entities listed on the 90-day notices sent to the defendant were designated by the DHCR as of when the notices were sent in May 2014 (see Wells Fargo Bank, N.A. v McMahon, 202 AD3d at 887-888; CV XXVII, LLC v Trippiedi, 187 AD3d 847, 850; USBank N.A. v Haliotis, 185 AD3d at 758). Since the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law, its motion should have been denied without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court properly declined to search the record and award the defendant summary judgment dismissing the complaint insofar as asserted against him based upon the plaintiff's failure to comply with RPAPL 1304(2). Even assuming that the records submitted by the defendant prepared by the DFS in response to his Freedom of Information Law request would qualify as admissible under the common-law public document exception to the hearsay rule (see Martin v Ford Motor Co., 36 AD3d 867, 867; People v Smith, 258 AD2d 245, 248; Consolidated Midland Corp. v Columbia Pharmaceutical Corp., 42 AD2d 601, 601; Richard v Robin, 178 App Div 535; Stone v City of New York, 16 Misc 3d 1134[A], 2007 NY Slip Op 51690[U] [Sup Ct, Kings County]), the records did not specifically show that the listed agencies were not designated by the DHCR as of May 2014 when the 90-day notices were sent. As such, the records were insufficient to establish the defendant's prima facie entitlement to judgment as a matter of law (cf. Wells Fargo Bank, N.A. v McMahon, 202 AD3d at 888; CV XXVII, LLC v Trippiedi, 187 AD3d at 850).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court